UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMARA D. MOORE** | **CIVIL ACTION NO:** |
| **VERSUS** | **18-12270 c/w 19-2281, 19-11420,** |
| **MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE** | **and 20-2819** |
| | **SECTION: "KWR"** |

### ORDER

Before the Court is a **Second Motion to Modify Scheduling Order (R. Doc. 46)** filed by the Plaintiff seeking to bifurcate the issues of liability and damages or, in the alternative, to extend the expert deadline. The motion is opposed. R. Doc. 47. Plaintiff then filed a response to the opposition. R. Doc. 48. On consent of the parties, this matter was referred to the undersigned United States Magistrate Judge in accordance with Title 28 U.S.C. § 636(c). R. Doc. 26. This motion was heard on brief.

**I.   Background**

This case arises out of Plaintiff's claims of discrimination, harassment, retaliation, and failure to accommodate related to her employment at the United States Post Office in Gretna, Louisiana. R. Doc. 1. Plaintiff alleges that she suffered a work-related injury and upon her return to work she was not properly accommodated by her employer. She additionally alleges that she was subject to discrimination, harassment, retaliation by her supervisors because of her disability race, and gender. Plaintiff also has included a claim of loss of consortium for her daughter.

This matter was first filed on December 4, 2018. R. Doc. 1. Since the initial filing, Plaintiff filed additional suits related to her employment at the Gretna Post Office, which were consolidated with the instant matter. *See* 20-2819 and 19-11420. On August 16, 2021, the parties

met with the Court to discuss the most recent filing and service of an additional complaint. The parties indicated that they would like the additional complaint consolidated with the matter already pending before this Court. The matters were consolidated on September 29, 2021. As a result of the consolidation, the Court granted a brief continuance, but made clear that "no other continuances shall be granted in this matter." R. Doc. 42.

Turning to the instant motion, Plaintiff requests that liability and damages be bifurcated and tried separately. R. Doc. 46. Plaintiff initially requested bifurcation or an extension of the expert deadline, but later clarified the request to only bifurcate as an extension of the expert deadline will "do no good." *Id*. R. Doc. 48-2, p. 4. Plaintiff's primary reason for the bifurcation, is the expense of retaining the experts counsel deems necessary. R. Doc. 46-1, p.3. Defendant objects to a bifurcation or extension. R. Doc. 47. Defendant contends that Plaintiff has not submitted good cause for either and as such the request should be denied. *Id*.

## II. Law

Federal Rule of Civil Procedure 42(b) authorizes courts to order separate trials on issues in the same case when separation is appropriate. Rule 42(b) directs that bifurcation is appropriate:

> In furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim counterclaim, or third party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues, always preserving inviolate the right of trial by jury as declared by the Constitution or as given by a statute of the United States.

Whether to bifurcate a trial is a question committed to the sound discretion of the trial court, and the court exercises its discretion on a case-by-case basis. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 114 (E.D. La. 1992). Separate trials should be the exception, not the rule. *See Id*. Courts should not order separate trials "unless such a disposition is clearly necessary." *See Id*. at 115 (quoting *Wolens v. F.W. Woolworth Co.*, 209 U.S.P.Q. 569 (N.D. Ill. 1980).

When ordering separate trials, the Fifth Circuit has held that under Rule 42(b): "the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (citing *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978)). The Fifth Circuit based their reasoning, in part, on the Seventh Amendment of the U.S. Constitution right to a trial by jury which generally allows "a litigant to have only one jury pass on a common issue of fact." *McDaniel*, 987 F.2d at 305 (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)). Therefore, bifurcation would not be appropriate when it would separate juries to pass on issues involving overlapping legal and factual questions which could result in inconsistent verdicts. *Blue Bird Body Co., Inc.*, 573 F.2d 318.

### III. Analysis

In the subject motion, Plaintiff is seeking to bifurcate the issues of liability and damages or, in the alternative, to extend the expert deadline. R. Doc. 46-1. Plaintiff is seeking the bifurcation due to the cost of retaining five (5) expert witnesses. Plaintiff contends that the experts are critical to seek full relief and bifurcation will allow for Plaintiff's attorney to avoid the risk of financial loss that would occur by retaining these experts without a determination of liability first. By bifurcating the issues of liability and damages, counsel will only have to retain experts during the damages phase, after liability has been established.

Plaintiff also suggest in her motion that she has not completed the discovery process and is in the process of identifying deponents. She explains that it is doubtful that discovery will be completed by deadlines issued by the Court. Plaintiff also requests, in an attempt to expedite matters and conserve her resources, that the Social Security doctors be deposed as to new facts and opinions without completing an expert report.

Defendant objects to the request for bifurcation and/or an extension. R. Doc. 47. Regarding the extension, Defendants asserts that the request should be denied because Plaintiff has not provided any justification pursuant to Federal Rule of Civil Procedure 16(b)(4). *Id.* at p. 2. Regarding bifurcation notes that the factors submitted to the Court by Plaintiff are not controlling on this Court or in the Fifth Circuit. *Id.* at p. 3. They urge the Court to instead follow the controlling case law from this circuit, which would not support bifurcation. *Id.*

Defendant contends that this case was filed almost three years ago, and that Plaintiff should have been aware of the need for experts. *Id.* at p. 3. Defendant contends that in a myriad of cases expert testimony is costly and the risk of a verdict in favor of the Defendant is not justification for bifurcation. *Id.* at p. 4. Moreover, they contend that bifurcating the trial would be prejudicial and overly burdensome on the jurors, witnesses, and the court system. *Id.* A bifurcation, according to Defendants would not promote judicial efficiency, would prolong the proceedings, and could result in duplicative testimony. *Id.* Furthermore, these issues were brought on by Plaintiff's counsels' own actions and are not good cause for an extension, therefore the request should be denied. *Id.*

In support of her motion, Plaintiff moves the Court to follow cases from outside the circuit that suggest that bifurcation is appropriate for the sake of convenience or to save time or money. *See MCI Communications Corp. v. American Telephone & Telegraph Co.*, 708 F.2d 1081, 1166 (7th Cir.), cert. denied, 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983); *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.,* 867 F. Supp. 686, 689 (N.D. Ill. 1994); *Organic Chemicals, Inc. v. Carroll Prod., Inc.*, 86 F.R.D. 468, 470 (W.D. Mich. 1980).

In addition, Plaintiff relies on a list of six factors, used by the United States District Court for the District of Connecticut in considering a motion for bifurcation, to support her request. *See Evans v. State of Conn.*, 168 F.R.D. 118, 120–21 (D. Conn. 1996). There Plaintiff was seeking a

4

hearing and additional discovery on the issues of back pay and reinstatement, after the Court had already found Defendant liable. The Court found that the following factors weighed in favor of granting plaintiff's request to continue the damages phase of the case and to permit him to conduct discovery on the issue of back pay:

> (1) the finding of liability was a predicate to a determination of damages; (2) that such damages are purely statutory and subject to ready calculation; (3) all of the evidence (on both liability and damages) is presented to the court and not a jury; (4) any further testimony concerning the award will be brief and limited; (5) defendants had notice of the damages claims since the beginning of the case; and (6) that defendants proffered nothing more than conclusory allegations in a legal memorandum concerning prejudice. *Id.*

While Plaintiff contends that some of the factors identified by that court apply here, the facts and circumstances of the *Evans* are not analogous to the facts here. Plaintiff contends that, the finding of liability is a predicate to a determination, that Defendant has been on notice of the damages claim since filing, and there is no threat of prejudice, as support for bifurcation.

However, there are differences between this case and *Evans* that do not support bifurcation. First, *Evans* was a bench trial and at a hearing before a Special Master, and it was the Special Master who *sua sponte* decided to bifurcate. *Id.* at 120. This matter will be tried before a jury and the request for bifurcation is being made by a party. Additionally, in *Evans* the damages were statutory, easy to calculate, and would not require extensive additionally testimony. *Id.* at 120. Here, the damages are not purely statutory and will require calculation and extensive further testimony. Plaintiff has already alluded to at least five (5) expert witnesses that she contends would be necessary in order to establish damages. Moreover, Defendant has provided more than just conclusory allegations of prejudice, pointing specifically to the effect on the jurors, duplicative testimony, and prolonging the proceedings as reasons not to bifurcate. Therefore, despite Plaintiff's contentions, these factors weigh against bifurcation.

The law controlling in this Court and in the Fifth Circuit also does not support bifurcation. In this District, the decision to bifurcate is left in the sound discretion of the Court. *See Conkling v. Turner,,* 18 F.3d 1285, 1293 (5th Cir. 1994); *O'Malley v. United States Fidelity & Guar. Co.,* 776 F.2d 494, 500 (5th Cir.1985); *Laitram Corp. v. Hewlett–Packard Co.,* 791 F.Supp. 113, 114 (E.D.La.1992). However, bifurcation is not the usual course and should only be reserved for cases that are so distinct that separate trials would not create injustice. *See Hewlett-Packard Co.*, 791 F. Supp. at 114.

Courts may bifurcate trials if: "(1) it would avoid prejudice, (2) it would be convenient to do so, or (3) it would be economical or would expedite the litigation to do so." *Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*, No. CV 02-1415, 2005 WL 8173874, at *1 (E.D. La. Aug. 2, 2005 (*quoting Laitram Corporation v. Hewlett-Packard Company*, 791 F. Supp. 113, 115 (E.D. La. 1992) (emphasis in original)). However, "even if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice." *Id.* at 115 (quoting *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1433 (D. Del. 1989)); *see also Interstate Restoration Group, Inc. v. Al Copeland Investments*, Civ. A. 07–0970, 2009 WL 1870787 (E.D. La. June 25, 2009). When considering prejudice, the Court generally considered the complexity of the case, the potential of confusing the jury, and the delay and expense associated with separate trials. *Hewlett–Packard Co.,* 791 F. Supp. 115-16. Therefore, the Court must consider the facts of the individual case, giving particular consideration to the avoidance of prejudice, *Bertuccelli v. Universal City Studios LLC*, No. CV 19-1304, 2020 WL 7263177, at *1 (E.D. La. Dec. 10, 2020).

For example, in *James Summerville et. al. v. Candy Fleet Corporation CNG Production, Inc. and XYZ Insurance Comp.*, where Plaintiff's alleged that they were injured due to a boat captains' negligence, Defendants moved to bifurcate liability and damage. No 00-2899, 2001 WL 1524515 (E.D. La Nov. 29. 2001). They argued that the number of witness on the damages issue greatly outweighed the number of witness on the issue of liability and that bifurcation promoted judicial economy. However, the Court reiterated that bifurcation is the exception not the rule and that despite Defendant's contention about judicial economy, the case was not complex enough to warrant bifurcation. *Id.*; *See also Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*, No. CV 02-1415, 2005 WL 8173874, at *1 (E.D. La. Aug. 2, 2005) (finding bifurcation appropriate in a patent controversy where complex concepts could risk confusing the jurors).

In *Conners v. US*, the Defendant moved to bifurcate liability and damages so that the matter could be dismissed or settle more easily. No. CIV.A.07-4026, 2008 WL 3154684, at *2 (E.D. La. July 31, 2008). There, the Court also declined to bifurcate because it would not have promoted judicial efficiency, could unduly prolong the proceedings, and would result in duplicative testimony. *Id.*

Here, bifurcation would open the door to the same problems identified by the Court in *Summerville and Conners*, the potential for duplicative witness testimony, undue prolonging of the proceedings, and lack of judicial efficiency. The issues presented in this case are not exceedingly complex and there is overlapping evidence that goes toward both liability and damages, both of which favor not bifurcating.

While the Court acknowledges Plaintiff's counsel's assertion about his inability to afford expert witnesses, bifurcation is not the proper avenue to address to this issue. It is not the job of the Court to get involved with the management of a case or the resources devoted it. Furthermore,

the Court has previously noted that no further continuance will be granted in this matter and granting an extension or bifurcation would have the same impact as a continuance. Therefore, given the nature of the case it is the opinion of the Court that bifurcation is not warranted.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Second Motion to Modify Scheduling Order (R. Doc. 46)** is **DENIED.**

New Orleans, Louisiana, this 17th day of December 2021.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**