UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMARA D. MOORE** | **CIVIL ACTION** |
| **VERSUS** | **NO:   18-12270 c./w 19-2281, 19-11420, and 20-2819** |
| **LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE** | **SECTION: "KWR"** |

## ORDER

Before the Court is a **Motion to Dismiss for lack of Subject Matter Jurisdiction** filed by the Defendant, Louis DeJoy, Postmaster General of the United States Postal Service, seeking a order dismissing Plaintiff's claims under the Health Insurance Portability and Accountability Act ("HIPAA"). (R. Doc. 52). Plaintiff, Tamara D. Moore ("Moore"), filed a response to this motion, stating no opposition to this motion. (R. Doc. 64).

### I.   Background

This action arises out of Plaintiff, Tamara Moore's, employment at the Gretna Post Office. R. Doc. 1. In her compliant, Moore alleged that she was subject to harassment by Postmaster Dwayne N. Pressley due to her physical disability, which arose from injuries to her back that she sustained while performing her duties as a City Letter Carrier. *Id.* She contends that she was forced to endure extreme physical pain and emotion torment in violation of federal labor laws. *Id.* Moore, who was *pro se* at the time of filing, asserted HIPPA as a basis of jurisdiction for her claim. *Id.* The defendant now seeks a dismissal of the HIPPA claim.

## II. <u>Standard of Review</u>

Rule 12(b)(1) requires dismissal of an action if the Court lacks jurisdiction over the subject matter of the Plaintiff's claim. Fed. R. Civ. Pro. 12(b)(1). Federal courts are courts of limited jurisdiction, without jurisdiction conferred by statue, they lack the power to adjudicate claims. *Griener v. United States,* 900 F. 3d 700, 702-03 (5th Cir. 2018). The Court must grant a motion to dismiss for lack of subject matter jurisdiction when it does not have the requisite statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The Fifth Circuit has held "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013).

## III. <u>Analysis</u>

Defendant contends that Moore has asserted a claim under HIPPA which does not support a private right to action. R. Doc. 52.  As such Defendant requests that Moore's HIPPA claim be dismissed for lack of subject matter jurisdiction. *Id.*

Plaintiff offers no objection to the dismissal. R. Doc. 64. Rather plaintiff concedes that the Court lacks subject matter jurisdiction over this claim. *Id.*

In *Acara v. Banks*, the Fifth Circuit held that, "HIPAA has no express provision creating a private cause of action, and therefore we must determine if such is implied within the statute." 470 F. 3d 569, 571 (citing *Banks v. Dallas Hous. Auth.,* 271 F.3d 605, 608 (5th Cir.2001).) Absent jurisdiction conferred upon the Court by HIPPA, the Court lacks the power to adjudicate this claim. As such, the Court dismisses Plaintiff's HIPPA claim for lack of subject matter jurisdiction.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Dismiss for Lack of Subject Matter Jurisdiction** over the Plaintiff's HIPPA claim **(R. Doc. 64)** is **GRANTED.**

New Orleans, Louisiana, this 2nd day of February 2022.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**